**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hanson Eugene Fields, Jr., | )<br>) |
|        Petitioner, | )<br>) No. CV-16-00575-PHX-PGR (DKD) |
|   vs. | )<br>) ORDER |
| Charles L. Ryan, et al., | )<br>) |
|        Respondents. | )<br>) |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Duncan (Doc. 40) in light of the various documents the petitioner has filed that the Court deems to be related to his opposition to the Report and Recommendation (Docs. 41, 42, 43, 44, 45, 48, 49, 50, 55, 58, and 59), the Court finds that the petitioner's objections should be overruled because the Magistrate Judge properly concluded that the petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2254, must be dismissed as time-barred.

The petitioner, who is serving a sentence for second degree murder, filed his habeas petition at issue on March 1, 2016. For purposes of reviewing the Report and Recommendation, the Court presumes that the Magistrate Judge correctly determined that the one-year limitations period of the AEDPA expired on April 4,

2015.[1]

The Court agrees with the Magistrate Judge that the petitioner, despite his various arguments to the contrary, is not entitled to have the running of the one-year limitations period delayed by equitable tolling. Although the AEDPA's statute of limitations may be equitably tolled in appropriate circumstances, <u>Holland v. Florida</u>, 130 S.Ct. 2549, 2560 (2010), the application of equitable tolling is a rarity due to the very high threshold needed to trigger it. <u>Waldron-Ramsey v. Pacholke</u>, 556 F.3d 1008, 1011 (9th Cir. 2009). The petitioner would be entitled to equitable tolling only if he meets his heavy burden of showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. <u>Holland v. Florida</u>, 130 S.Ct. at 2562. The petitioner has not met this burden.

The petitioner argues that his habeas petition was timely filed because he is entitled to equitable tolling due to impediments placed on him between October 2010 and September 2015, which include being repeatedly moved among prison units that resulted in his legal materials being routinely confiscated and being on "psyche meds" over three years. None of the various impediments noted by the petitioner in relation to the Report and Recommendation made it impossible for him to file a timely habeas petition because the records of this Court show that during the period between June 2010 and April 4, 2015, when the AEDPA limitations period expired, the petitioner was able to file in this Court two previous habeas petitions, 2:12-CV-0242, filed December 11, 2012, and 2:13-CV-00901, filed May 2, 2013, and sixteen

---

[1]

The State argues that the AEDPA's limitations period expired on January 12, 2015. The Court need not resolve this discrepancy because the habeas petition was untimely filed under either scenario.

- 2 -

civil rights-related actions.

The petitioner, relying on <u>Schlup v. Delo</u>, 513 U.S. 298 (1995), also argues that his habeas petition should be resolved on its merits because it is not subject to the AEDPA's limitations period inasmuch as he is actually innocent of the crime for which he was convicted. A credible claim of actual innocence can constitute an equitable exception to the AEDPA's limitations period. <u>Lee v. Lambert</u>, 653 F.3d 929, 932 (9th Cir.2011) (en banc). However, in order to present otherwise time-barred claims to a federal habeas court under <u>Schlup</u>, the petitioner has the heavy burden of producing "new reliable evidence - whether it be exculpatory scientific evidence, trust-worthy eyewitness accounts, or critical physical evidence - that was not presented at trial" that so strongly shows his actual innocence "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 938 (quoting <u>Schlup</u>, 513 U.S. at 324 and 327).

The Court concludes that the petitioner is not entitled to the equitable exception for actual innocence because he has failed to even proffer, much less produce, any post-conviction evidence that would permit him to pass through the <u>Schlup</u> gateway. Rather, his claim of actual innocence rests on inconsistent trial evidence that was considered and rejected by the jury.[2] The Supreme Court has made it clear that "actual innocence means factual innocence, not mere legal inconsistency." <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998).

The petitioner further argues, presumably pursuant to 28 U.S.C. §

---

[2]

The petitioner's claim of actual innocence, which is that he was incarcerated on the date the murder occurred, is based on the mistaken testimony of one witness who was confused about the date of the murder. The trial testimony of other witnesses, including the petitioner's wife, placed him at the murder scene on the actual date of the murder, and the jury heard all of this evidence.

2244(d)(1)(D)[3], that his habeas petition was timely filed because the one-year limitations period did not begin to run until February 24, 2016, which is when he conclusorily states that he discovered new facts through due diligence. The Court rejects this contention because the petitioner does not set forth what these new facts were, other than to state that they constitute newly discovered violations that occurred during his trial, nor how he could not have timely discovered them despite his due diligence. Although he also states that on March 18, 2017, he first discovered that the state court ignored four pretrial evidentiary hearing requests he had made, that the prosecutor improperly excluded African-Americans from the jury during jury selection, and that the state court gave improper jury instructions, these alleged factual predicates were known to him, or discoverable by him, at the time of his trial.[4] Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (**Doc. 40**) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is denied and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that a Certificate of Appealability shall not issue and that leave to appeal *in forma pauperis* is denied because the dismissal of the petitioner's habeas petition is justified by a plain procedural bar and reasonable

---

[3]

Section 2244(d)(1)(D) provides that the one-year limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

[4]

At his request, the petitioner represented himself during his murder trial, along with court-appointed advisory counsel.

jurists would not find the ruling debatable.

IT IS FURTHER ORDERED that the following documents labeled as motions or requests by the petitioner are all **denied**: Motion to Suppress/Amended Motion in Limine Re: Act of Domestic Violence in Support of Petitioner's Traverse to Limited Answer for Writ of Habeas Corpus (**Doc. 18**), Motion[s] for Summary Judgement/Supplemental Response to Respondents Limited Answer to Federal Habeas Corpus (**Docs. 23 and 31**), Motion for Summary Judgement (**Doc. 38**), Request for Preparation of Transcript (**Doc. 54**), Motion for Summary Judgement (2nd) (**Doc. 57**), Motion for Summary Judgement (**Doc. 58**), Motion for Summary Judgement (Habeas Corpus) (**Doc. 59**), Request to Delete Unexhausted Claims (Habeas) (**Doc. 60**), and Request for Privacy Protection (**Doc. 62**).

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 27th day of September, 2017.

Paul G. Rosenblatt
United States District Judge